[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11882
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00054-LAG-TQL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERINIQUE MORROW,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 7, 2020)

Before MARTIN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Derinique Morrow appeals his 24-month sentence after pleading guilty to one count of interstate communications with intent to extort, in violation of 18 U.S.C. § 875(d).  He argues that the district court erred in assessing two criminal history points for his prior burglary conviction.  Because any error in the district court's guideline calculation was harmless, we affirm.

## I.    BACKGROUND

In 2017, at the age of 19, Defendant befriended 17-year-old J.G. over Snapchat.  Shortly thereafter, their conversations became intimate and Defendant surreptitiously recorded FaceTime chats where J.G. undressed in front of the camera, revealing her thong-style underwear, buttocks, and breasts.  Defendant eventually asked J.G. to meet him for sex, but she refused.  In response, Defendant called J.G. a "whore" and threatened to post the videos on his Snapchat account if she continued to refuse his request.  When J.G. begged Defendant not to post the videos and to delete them, Defendant responded, "Imma show you how evil I am" because "[y]ou not gonna le me fuvk."  True to his word, Defendant posted a video of J.G. undressing on his Snapchat story for all to see.  He also sent several individuals nude screenshots of J.G.

A grand jury indicted Defendant on one count of interstate communications with intent to extort (Count 1), and one count of interstate stalking (Count 2).  In exchange for the Government dropping Count 2, Defendant pled guilty to Count 1.

2

A probation officer prepared a presentence investigation report, which calculated a guideline range of 8 to 14 months' imprisonment, based on a total offense level of 7 and a criminal history category of IV.  In assessing Defendant's criminal history category, the probation officer determined that Defendant had a criminal history score of eight, comprising two points for committing the instant offense while on probation and six points for prior convictions.  The probation officer assessed 2 points for a Georgia burglary conviction, which initially resulted in a 20-year probationary sentence with several months' credit for time served, but later resulted in 49 days' imprisonment after Defendant's probation was revoked.  The remaining points were based on convictions for making false statements, theft by shoplifting, and two separate convictions for sexual battery.  When Defendant was 14 years old, he was convicted for sexual battery after he groped a 13-year-old girl's breasts, buttocks, and private area in a classroom doorway.  Two years later, when Defendant was 16 years old, he was again convicted for sexual battery, as well as for false imprisonment, after he pulled a non-consenting, 16-year-old girl into the boys' restroom at school, put his hands down her pants, and started kissing her while she tried to escape.  With the exception of Defendant's theft-by-shoplifting conviction, which resulted in a ten-day jail sentence, and his conviction for burglary, Defendant had received only sentences of probation.

3

Defendant objected to his criminal history score, arguing that, under U.S.S.G. § 4A1.1, he should receive 1 rather than 2 points for his prior burglary conviction because his sentence of imprisonment was less than 60 days. Defendant attached his state-court disposition form, which showed that the court had sentenced Defendant under Georgia's First Offender Act to 20 years' probation with credit for time served from May 1, 2015 to October 16, 2015. Although Defendant admitted that he had received a 49-day prison sentence when his probation was revoked, he argued that his total prison sentence was still less than 60 days because the time-served credit awarded in his original disposition could not be counted toward the imprisonment sentence imposed. Because a maximum of 4 points could be counted for 1-point prior sentences under U.S.S.G. § 4A1.1(c), Defendant argued that sustaining his objection would have given him a total criminal history score of 6 rather than 8, reducing his criminal history category from IV to III, and resulting in a guideline range of 4 to 10 months' imprisonment.

At sentencing, the court overruled Defendant's objection, concluding that the state court's award of credit for time served showed that he had been sentenced to serve more than 60 days' imprisonment for burglary. The court then adopted the guideline range as calculated by the probation officer.

In his allocution statement, Defendant said he accepted responsibility but denied being a sexual predator. He claimed that "girls [were] leading [him] on,"

that he was not "going around just grabbing people in private areas," and that he had not pushed a girl into the bathroom against her will.

After stating that it had considered the advisory guideline range, the 18 U.S.C. § 3553(a) factors, and, "most importantly, the history and characteristics of the defendant and the nature and circumstances of the offense," the court varied upward, sentencing Defendant to the maximum penalty of 24 months' imprisonment. The court explained that the instant offense was a serious crime of sexual extortion, and that nothing in Defendant's history or allocution indicated that he would not have engaged in sex with the victim if she had caved to his demand. The court further noted that Defendant's criminal history showed a pattern of conduct indicating that he was at the very least "a budding sexual predator." Commenting on Defendant's allocution, the court found that Defendant blamed his victims for the trouble he was in and did not take responsibility for sexually assaulting women. The court also noted that a substantial term of imprisonment was necessary to deter Defendant because his prior probation sentences had not done the trick. Finally, the court "note[d] for the record that regardless of any guideline calculation, based on this offense and based on the [§] 3553 factors, I believe this is the appropriate and just sentence and serves the purposes of sentencing." Defendant objected to the reasonableness of the sentence, and this appeal followed.

5

## II.    DISCUSSION

On appeal, Defendant argues that the district court erred in overruling his objection to the presentence investigation report, which assessed two criminal history points for his prior burglary conviction.  In particular, he contends that he should have received only one point for the burglary conviction because the credit for time served that he received was not a sentence of imprisonment, and thus, he was not sentenced to at least 60 days' imprisonment under U.S.S.G. § 4A1.1.

We do not have to decide whether or not Defendant is correct, because even if he is right, any error concerning this calculation was harmless.  *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) ("[I]t is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." (quotation marks omitted)).  When, as here, a district court states that a guidelines ruling "made no difference to the sentence it imposed," we assume there was a guideline error, calculate the guideline range without the error, and affirm if the sentence was substantively reasonable under that guideline range.  *Id.* at 1348–49.  We review the substantive reasonableness of a sentence for an abuse of discretion and "will vacate a sentence only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts

6

of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quoting *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)). "[T]he burden is on the defendant to prove that his sentence is unreasonable in light of the record and § 3553(a)." *Keene*, 470 F.3d at 1350.

Here, Defendant has not shown that his 24-month sentence was substantively unreasonable, even assuming the appropriate guideline range was 4 to 10 months. The court gave a carefully reasoned justification for an upward variance, focusing on the nature and circumstances of the offense, Defendant's criminal history and characteristics, and the need for deterrence. 18 U.S.C. § 3553(a)(1), (a)(2). As to the instant offense, the court emphasized that Defendant had committed a serious crime and that, had his extortion been successful, nothing indicated that he would not have had sex with the victim under threat. The court also noted that Defendant's criminal history, which included two sexual-battery convictions, demonstrated a pattern of sexual predation. Finally, the court found that Defendant's prior probationary sentences had done little to prevent further criminal conduct and that his allocution showed he did not appreciate the harm he was inflicting, indicating that an upward variance was necessary to achieve deterrence. Given the court's thorough analysis of the § 3553(a) factors, we see no basis for concluding that Defendant's sentence was "outside the range of

7

reasonable sentences dictated by the facts of the case." *Goldman*, 953 F.3d at 1222.

## III.  CONCLUSION

Even assuming an error in determining Defendant's criminal history score, that error was harmless because the district court stated that it would have imposed the same sentence even had it agreed with Defendant's guideline calculation. Further, the sentence imposed was substantively reasonable.  Accordingly, we affirm Defendant's sentence.

**AFFIRMED.**